HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE MATTHEW DURAN, | CASE NO. 12-GJ-149 |
| Grand Jury Witness. | ORDER |

## I.  INTRODUCTION

This matter comes before the court on the mandate of the Ninth Circuit Court of Appeals following its resolution of an appeal of this court's order granting in part and denying in part a motion to unseal portions of the docket and underlying records in this proceeding ancillary to a grand jury investigation. Index Newspapers LLC, doing business as "The Stranger," a Seattle weekly newspaper, was both the moving party on the motion to unseal and the appellant.

In the more than six weeks since the Ninth Circuit's October 29, 2014 mandate issued, the court has not received a request for relief from The Stranger, the United States, or Matthew Duran, the grand jury witness on whom the ancillary proceeding focused. The court must nonetheless comply with the Ninth Circuit's mandate.

## II.  BACKGROUND

Although the court's task today is unrelated to the substance of the grand jury investigation at issue, the court notes for context that this matter arose from a grand jury investigation into vandalism of the William Kenzo Nakamura United States Courthouse on May 1, 2012. The grand jury subpoenaed at least three witnesses. At least two of those witnesses unsuccessfully moved to quash those subpoenas. At least three witnesses

ORDER – 1

then declined to answer all or some of the grand jury's questions. On the Government's motions, the court found in late 2012 and early 2013 that at least three witnesses were in contempt of court and ordered them confined to coerce their testimony. By March 2013, the court had ordered the release of all witnesses confined in this case.

The Ninth Circuit's mandate applies to one of these grand jury witnesses: Matthew Duran. While he was confined, The Stranger moved to unseal the docket related to Mr. Duran's fight against the grand jury subpoena and the contempt finding. The court denied that motion in large part, unsealing only the transcripts of portions of Mr. Duran's (and another witness's) contempt hearings that were held in open court.

In *United States v. Index Newspapers LLC*, 766 F.3d 1072 (9th Cir. 2014), a Ninth Circuit panel held that the court had been too restrictive. It left the following roadmap as to what portions of the court's records it was to unseal:

> We AFFIRM the district court's decision to maintain under seal: (1) the transcript and filings related to Duran's motion to quash; (2) the portion of the transcript of Duran's contempt proceeding during which matters occurring before the grand jury were discussed; and (3) the motion to hold Duran in contempt.
>
> We REMAND for the district court to unseal the electronic and paper docket for the documents filed in Duran's contempt proceeding. The Stranger's July 12, 2013 motion to unseal the district court docket is MOOT.
>
> We REVERSE the district court's decision to maintain under seal the order holding Duran in contempt and ordering him confined and we REMAND for the district court to unseal that order.
>
> We REMAND so the district court may unseal the transcript and the filings related to Duran's confinement status hearing, the filings related to Duran's request for release, and the district court filings related to The Stranger's motion to unseal, subject to any redactions it may deem necessary and that are in accord with this opinion.

*Id.* at 1097-98. As noted, neither the Stranger, Mr. Duran, nor the Government requested relief from this court since the Ninth Circuit issued its mandate. The court will thus comply with the mandate without the parties' input.

ORDER – 2

### III.  COMPLIANCE WITH MANDATE

In explaining its efforts to comply with the Ninth Circuit's mandate, the court uses the term "docket" to refer to the list of entries that both describe the documents comprising the court's file for a particular case and, in some instances, reveal court action or notation without describing a particular document.  The court uses the terms "record" or "records" to refer to the underlying documents that most of the docket entries describe.

In this District Court, a grand jury "case" begins when someone raises a dispute ancillary to a grand jury investigation.  Unless that occurs, there is no "case" or docket associated with a grand jury investigation.[1]  In this instance, Mr. Duran's case began on August 31, 2012, when he and another witness moved to quash the grand jury subpoenas for their testimony.  That joint motion to quash is the first item on the court's docket in this case, which became grand jury case number 12-gj-149.  The court later created a new docket for disputes relating to the other witness, although the docket in this case and some of the records make reference to her.  The Stranger originally requested that the court unseal its files as to Mr. Duran and the other witness, but did not appeal the court's denial of that request as to the other witness.  *Index Newspapers*, 766 F.3d at 1081.

In this District Court, the docket for every grand jury case is presumptively completely sealed.  From the perspective of a member of the public, that means that there is no access at all to the docket, not even access sufficient to reveal that a "case" exists.

That will change in this case, because the Ninth Circuit has mandated that the court "unseal the electronic and paper docket for the documents filed in [Mr.] Duran's

---

[1] As the court noted in its order on The Stranger's motion to unseal, grand jury proceedings are unlike any other proceeding associated with a federal district court.  Although a court empanels a grand jury, no judge presides at its meetings.  *United States v. Calandra*, 414 U.S. 338, 343 (1974).  The only people present when a grand jury convenes are the grand jurors themselves, attorneys for the prosecutor presenting evidence to the grand jury, any witness the grand jury has subpoenaed, a court reporter, and an interpreter if necessary.  Fed. R. Crim. P. 6(d).  Transcripts of what occurs before a grand jury are not court records; the prosecutor maintains custody over them.  Fed. R. Crim. P. 6(e)(1).  Thus, although the grand jury in some ways serves as an "arm of the court," *Levine v. United States*, 362 U.S. 610, 617 (1960), and fulfills functions that "are intimately related to the functions of the court, the grand jury is not and should not be a captive to the judiciary," *United States v. Armstrong*, 781 F.2d 700, 704 (9th Cir. 1986).

ORDER – 3

1  contempt proceeding." *Index Newspapers*, 766 F.3d at 1097.  It is not clear whether that
2  instruction applies solely to that portion of the docket that begins with the Government's
3  motion to hold Mr. Duran in contempt, but the court declines to parse the ruling so finely.
4  The court's decision today reflects no view on what the Ninth Circuit's opinion requires
5  with respect to sealing other grand jury ancillary proceedings, it reflects the court's desire
6  to err on the side of disclosure *in this case* in light of the mandate.  The court will thus
7  order the clerk to unseal the entire docket in case number 12-gj-149.  The public will now
8  be able to view the entire list of documents that comprise the court's records in this case.
9  The public will, however, only be able to do so electronically.  Although the Ninth
10 Circuit's order applies to both the "electronic and paper docket," this District Court does
11 not (except in circumstances not applicable here) maintain a paper docket for any case.
12 This order thus affects only the electronic docket.

As to the records underlying that docket, the court will leave under seal the "transcript and filings related to [Mr.] Duran's motion to quash," "the portion of the transcript of [Mr.] Duran's contempt proceeding during which matters occurring before the grand jury were discussed," and the Government's "motion to hold [Mr.] Duran in contempt." *Index Newspapers*, 766 F.3d at 1097.  To effectuate the mandate as to the transcript of Mr. Duran's contempt proceeding, the docket will contain two versions of the transcript: a complete transcript that will remain under seal, and another that will be available to the public with the portion discussing matters occurring before the grand jury redacted.[2]

With one exception, which the court will soon discuss, the court will unseal all other records reflected on the docket.  That suffices to satisfy the Ninth Circuit's instruction to unseal "the order holding [Mr.] Duran in contempt and ordering him

---

[2] The court will take the same bifurcated approach with respect to the document reflected at number 29 on the docket.  That document is the transcript of a hearing regarding another grand jury witness.  It has no bearing on Mr. Duran, but it is listed on the docket in Mr. Duran's grand jury case.

ORDER – 4

confined," the "transcript and the filings related to [Mr.] Duran's confinement status hearing, the filings related to [Mr.] Duran's request for release," and the "filings related to *The Stranger*'s motion to unseal . . . ." *Index Newspapers*, 766 F.3d at 1097. As to all records that the Ninth Circuit's instructions do not specifically address, the court finds that they do not implicate grand jury secrecy (or at least they implicate it no more so than other records the court is unsealing), and the court thus unseals them as well.

The one exception is Mr. Duran's February 21, 2013 motion for termination of his confinement. The motion itself does not reveal matters occurring before the grand jury. Exhibit A to that motion, however, is a transcript of grand jury proceedings. Mr. Duran did not, however, file Exhibit A as a standalone document. It is instead appended electronically to the next four exhibits to the motion. For that reason, the court will leave that record (consisting of Exhibits A through E to Mr. Duran's motion for termination of confinement, reflected at docket number 35-2) under seal, and modify the records associated with that docket to add a new record consisting of Exhibits B through E.

## IV. CONCLUSION

The court orders as follows:

1) The clerk shall UNSEAL the docket in this matter, Case No. 12-gj-149.
2) The following records, but not the docket entries referring to them, shall be SEALED: Dkt. ## 1, 3, 5, 9, 18, 19, 21.
3) The following records shall remain SEALED, but the clerk shall create a new UNSEALED record associated with the docket entry for each of those records that consists of a transcript redacted in accordance with the Ninth Circuit's mandate: Dkt. ## 10, 29.
4) The following record shall remain SEALED, but the clerk shall create a new UNSEALED record associated with the docket entry for that record that consists of Exhibits B through E to Mr. Duran's motion for termination of confinement. Dkt. # 35-2.

ORDER – 5

5) The clerk shall UNSEAL every record on the docket of Case No. 12-gj-149 not otherwise specified in this order.

DATED this 12th day of December, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6